UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BILLY D. BRATCHER,                  )
                                    )
                Plaintiff,          )
                                    )
         v.                         )        2:12-cv-104-WGH-JMS
                                    )
CAROLYN W. COLVIN,                  )
Commissioner of Social Security,[1] )
                                    )
                Defendant.          )

**ORDER ON PLAINTIFF'S PETITION
FOR ATTORNEY FEE PURSUANT TO § 206(b)(1)**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiff's Petition for Attorney Fee Pursuant to § 206(b)(1) filed December 8, 2014. (Dkt. 36). Defendant's Response was filed on December 19, 2014 (Dkt. 37), and Plaintiff's Reply was filed on January 28, 2015 (Dkt. 41.)

Defendant's Response to the Plaintiff's Petition, at pages 1-3, accurately and succinctly states the issue that is before the Court: Is Plaintiff's attorney

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of the Social Security Administration: She is now the Commissioner. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted as the Defendant in this suit.

obtaining a "windfall" under this contingency agreement? Plaintiff's counsel has indicated that he spent a total of 20.41 hours working on this case. The contingency fee which he seeks is in the amount of $14,922.50. The hourly rate for his services would then be $731.14. It should be noted that Mr. Daley maintains offices in Chicago, Illinois.

It is the Magistrate's experience that hourly rates in major metropolitan cities charged to non-contingency clients, or approved in employment litigation, are frequently approved in the $400 to $500 per hour rate. Plaintiff's counsel advises in his reply brief that on at least one occasion he was paid at the rate of $500 per hour.

The Court and the Social Security Administration recognize the need for contingency fees in this type of litigation. By the very nature of SSD and SSI cases, plaintiffs are without means to obtain counsel in the vast majority of cases. By the time a plaintiff files a district court complaint, the Plaintiff's claim has been determined to be unfounded at the administrative level, after a hearing before an Administrative Law Judge, and after what is not a perfunctory review by the Appeals Council. Given the deferential standard of law to be applied in the District Court, counsel who take these cases must know that a fairly large percentage of the cases brought in District Court will affirm the Commissioner's decision. Some data from the Divisions served by

this Magistrate show that about 41% of cases filed were remanded by the Court, while in 59% of the cases the plaintiffs were not successful.[2]

Therefore, while the hourly rate in this particular case might be higher than market for the services to this particular Plaintiff, this Magistrate concludes that the amount awarded under the contingency agreement does not amount to a "windfall" for the attorney when considered in the context of this attorney's entire body of work in this area of practice.

Some consideration might also be given to the question of whether this particular Plaintiff was harmed by the larger size of this fee. However, there is no indication in the record that Plaintiff himself contests the fee. Given that the contingency is limited to 25% of back benefits owed, the Plaintiff likely received approximately $45,000 in back benefits after the attorney fee was removed. Assuming the attorney rate of $731.14 per hour is approximately $250.00 per hour above a market rate for legal services in the Chicago area, the fee exceeds market by about $5,000.00 (20 hrs. x $250.00.) That the Plaintiff's total net recovery was reduced from what would have been approximately $50,000 to $45,000 because of the contingency fee does not shock the conscience or cry out for the Court to conclude that the contingency in this case was grossly unfair to the Plaintiff.

---

[2] For the 68 cases filed between January 1, 2011, and December 31, 2012, in the Evansville, Terre Haute, and New Albany Divisions, 28 were remanded.

Therefore, in this case, the Petition for Attorney Fee Pursuant to § 206(b)(1) is **GRANTED**.  Payment of the fee in the amount of Fourteen Thousand Nine Hundred Twenty-two Dollars and Fifty Cents ($14,922.50) is approved and ordered.  Since this Order establishes the total amount of the fee, Plaintiff is **ORDERED** to refund the previously paid EAJA fee of Three Thousand One Hundred Forty-four Dollars and Forty-six Cents ($3,144.46).

**SO ORDERED** the 6th day of February, 2015.

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Served electronically on all ECF-registered counsel of record.**